FILED
CLERK
4/18/2016 4:47 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTOPHER CHIARO,

                Plaintiff,

      -against-

SUFFOLK COUNTY,

                Defendant.
----------------------------------------------------------------X

**ORDER**
15-CV-6862 (SJF) (GRB)

FEUERSTEIN, District Judge:

I.     Introduction

On November 30, 2015, incarcerated *pro se* plaintiff Christopher Chiaro ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Suffolk County ("defendant") accompanied by an application to proceed *in forma pauperis*. Upon review of the plaintiff's declaration in support of his application, the court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.§ § 1915(e)(2)(B)(ii) and 1915A(b).

II.    The Complaint

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. Plaintiff alleges that, on November 4, 2015, while incarcerated at the Suffolk County Correctional Facility, he was assaulted by two officers from the Sheriff's Emergency Response Team who were escorting plaintiff from the "Pods" on the third floor to the "SHU" or "Box" on the fourth floor. (Compl. ¶ IV.) Plaintiff alleges that he was assaulted two times, first "in the 3rd Floor Pod elevator" and again "in the elevator leading to the 4th floor SHU." (*Id.*) Plaintiff

claims to have injured his left wrist, his ribs and his head, and further claims to have suffered mental anguish. (*Id.* ¶ IV.A.) According to the complaint, although plaintiff has "submitted five requests to see medical since the incident," he has not received medical treatment for these injuries. (*Id.*) For relief, plaintiff seeks unspecified "[m]onetary compensation." (*Id.* ¶ V.)

III. Discussion

    A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

    B. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915 A(b)(1); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and 1915A applicable to a prisoner proceeding *in forma pauperis*). The court is required to dismiss the action as soon as it makes such a determination.

It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the

pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed.2d 868 (2009)), *aff'd*, ---U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013); *see also Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (in considering dismissal pursuant to § 1915A, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor"); *Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citations omitted). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S. Ct. 1937).

C.   Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured . . . .

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer,* 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation and citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

1. <u>Municipal liability</u>

It is well-established that a municipality or municipal entity, such as defendant Suffolk County, can only be held liable under Section 1983 "if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." *Id.*; *see also Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., solely because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

To prevail on a Section 1983 claim against a municipal entity, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *see also Connick*, 563 U.S. at 60-61, 131 S. Ct. at 1359, 179 L. Ed. 2d 417 ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611)). "A municipal policy may be pronounced or tacit and reflected in either action or inaction." *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). A municipal policy or custom can be established through proof of a formal policy endorsed by the municipality, actions taken by policymaking officials with decision making authority, or "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61, 131 S. Ct. at 1359, 179 L. Ed. 2d 417; *see also Patterson v. Cnty. of Oneida,* 375 F.3d 206, 226 (2d Cir. 2004) (municipal policy may be found here the practice "was so manifest as to imply the constructive acquiescence of senior policy-making officials" (quotations and citations omitted)). In addition, municipal liability can be established by showing that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." *Cash,* 654 F.3d at 334; *see also Jones*, 691 F.3d at 81 (plaintiff may "prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them."). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action[,]" *Connick*, 563 U.S. at 61, 131 S. Ct. at 1360, 179 L. Ed. 2d 417 (quotations and citation omitted), and "requires a showing that the official made a

conscious choice, and was not merely negligent." *Jones*, 691 F.3d at 81; *see also Cash*, 654 F.3d at 334.

To state a claim for municipal liability under Section 1983, a plaintiff must allege more than that a municipal policy or custom exists. *See, e.g., Bolden v. Cnty. of Sullivan,* 523 F. App'x 832, 834 (2d Cir. 2013) (summary order) (affirming dismissal where plaintiffs "failed to allege, beyond conclusory statements in their complaint, any unlawful municipal policy or custom."); *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (noting that "the mere assertion . . . that a municipality has . . . a custom or policy is insufficient [to withstand dismissal] in the absence of allegations of fact tending to support, at least circumstantially, such an inference . . . ." (quotations, alterations and citation omitted)). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists." *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012); *accord Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526, 535 (S.D.N.Y. 2012).

Here, the complaint is devoid of any factual allegations from which it may reasonably be inferred that a municipal policy or custom caused the conduct of which plaintiff complains. His factual allegations are that he was "assaulted" by two unidentified officers, suffered injuries, and did not receive adequate medical treatment. Naming only Suffolk County as defendant, plaintiff has not alleged, *inter alia*: (1) the existence of a formal policy which is officially endorsed by Suffolk County; (2) actions taken or decisions made by Suffolk County policymaking officials which caused the alleged violation of his civil rights; (3) a Suffolk County practice so persistent and widespread as to practically have the force of law; or (4) a failure by Suffolk County policymakers to properly train or supervise their subordinates, amounting to "deliberate

6

indifference" to the rights of those who come in contact with their employees. *See White v. St. Joseph's Hosp.,* 369 F. App'x 225, 226 (2d Cir. 2010) (affirming *sua sponte* dismissal based upon plaintiff's failure "to allege that any of the allegedly unconstitutional actions were taken pursuant to an official policy or custom, as required to state a § 1983 claim against a municipality"). Since the complaint fails to state a plausible Section 1983 claim against Suffolk County, plaintiff's Section 1983 claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief. Plaintiff is granted leave to re-plead and file an amended complaint, to correct the deficiencies set forth in this Order.

### 2. Failure to name individual defendants

Reading the complaint liberally, plaintiff clearly alleges that he was assaulted by two officers and suffered injuries, and that he did not receive medical treatment for those injuries. He has not, however, named any individual defendants in this matter. "To maintain a section 1983 action arising from conduct that was not alleged to have been part of any institutional custom or policy," a plaintiff should name as defendants the officers who allegedly infringed upon his rights. *Soto v. Brooklyn Corr. Facility,* 80 F.3d 34, 35 (2d Cir. 1996); *see also Robinson v. City of New York,* 2011 WL 318093, at *3 (E.D.N.Y. Jan. 31, 2011) (stating that "[a] § 1983 plaintiff seeking to recover money damages must name individual defendants who were personally involved in the wrongdoing or misconduct complained of and may be held liable for the alleged violation of his constitutional rights."). In *Soto,* the plaintiff *pro se* was a pretrial detainee who was allegedly assaulted by fellow inmates on more than one occasion. *Soto,* 80 F.3d at 35. His complaint, which named only the facility, was dismissed for failure to allege a custom or policy of inadequately protecting and supervising detainees. The Second Circuit, noting that the complaint

"clearly did not allege any . . . custom or policy," found that plaintiff was required to sue individual defendants to maintain a Section 1983 action arising out of the attacks, and remanded the case to consider whether plaintiff should be allowed to amend his complaint. *Id.* at 37 (noting that "but for his mistake as to the technicalities of constitutional tort law, [plaintiff] would have named the officers in the original complaint."). Accordingly, plaintiff is granted leave to re-plead to clearly identify the individual or individuals personally responsible for any alleged violation of his constitutional rights. If plaintiff seeks to impose liability upon an individual but does not know his or her name at this time, plaintiff may name such individual in the caption of an amended complaint as "John Doe Correctional Officer #1" or "Jane Doe Medical Officer #2," for example. However, plaintiff must include sufficient factual allegations including conduct or inaction by any such person or persons in support of his claims.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim for relief. Plaintiff is granted leave to amend his complaint provided he files an amended complaint in accordance with this Order **on or before May 20, 2016.** The amended complaint must either name the specific officers or medical personnel who allegedly violated his constitutional rights and/or identify some Suffolk County policy or custom responsible for his injuries. Plaintiff is advised that an amended complaint does not simply add to the original complaint, but rather once filed, an amended complaint completely replaces the original. Therefore, it is important for plaintiff to include all necessary information that was in the first complaint in his amended complaint.

8

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order, 15-CV-6862. No summonses shall issue at this time. If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed, judgment shall enter and the case will be closed. If plaintiff files an amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2)(b) and 1915A(b).

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

        /s/
Sandra J. Feuerstein
Dated: April 18, 2016        United States District Judge
       Central Islip, New York